NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN DENNING, | No. 18-16880 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00463-MMD-WGC |
| v. | |
| COUNTY OF WASHOE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted March 26, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Kathleen Denning appeals from the district court's order granting summary

judgment to the County of Washoe on her hostile work environment claim under

the Americans with Disabilities Act (ADA). Assuming that hostile work

environment claims are cognizable under the ADA, *see Brown v. City of Tucson*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

336 F.3d 1181, 1190 (9th Cir. 2003), and that Denning's epilepsy qualifies as a disability, we affirm.

Although a reasonable jury could conclude that Denning's supervisor, Robert Smith, mistreated her on the basis of her disability, Smith's conduct was not "severe or pervasive enough" to create a hostile work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 643 (9th Cir. 2003). Construing the facts in the light most favorable to Denning, Smith made two derogatory statements about her disability over a three-year period, told her co-workers that she was a "problem child" and a "trouble-maker," assigned her longer shifts and less desirable tasks, and "subjected [her] to excessive scrutiny." This conduct falls short of the "extreme" behavior required for a hostile work environment claim. *See, e.g.*, *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Dominguez-Curry v. Nevada Transportation Department*, 424 F.3d 1027, 1035 (9th Cir. 2005) (reversing a district court's dismissal of a hostile work environment claim under Title VII where a supervisor repeatedly made derogatory statements about women in the workplace, openly expressed anger towards women who took maternity leave, and told sexually explicit jokes on a daily basis). Because Denning's evidence of "isolated offensive remarks" and instances of "unfair treatment" are insufficient to support a hostile work environment claim, *see Vasquez*, 349 F.3d at 644, the district court properly granted summary judgment to the County.

**AFFIRMED**.